UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                            CRIMINAL ACTION NO. 2:08-00055-01

**CLYDE H. HALL, JR.**

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine the defendant's eligibility for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guidelines.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease

of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Any reduction in the term of imprisonment based on retroactive application of Amendment 821 shall not be effective until February 1, 2024, or later. By previous Order entered on February 2, 2024, this case was designated for Standard consideration pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office. The court further considered the Memorandum filed by John J. Frail, Assistant United States Attorney, on February 9, 2024, and the Memorandum filed by Jonathan D. Byrne, Appellate Counsel, Assistant Federal Public Defender, on February 12, 2024. The court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed responses, the Government has no objections to a reduction in sentencing. The defendant's

counsel requests a reduction to 218 months. The court notes that defense counsel's response uses the incorrect term of imprisonment imposed as 240 months instead of the 288 months actually last imposed.

The defendant pled guilty to Count One of a two-count indictment charging the defendant with a violation of 18 U.S.C. § 2251(a), Production of Child Pornography. At the time of his original sentencing, he had three criminal history points, one for a prior criminal conviction, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status point  The defendant, at the time of his original sentencing had a Total Offense Level of 39 and a Criminal History Category of II, for a United States Sentencing Guideline range of 292-360[1] months. On September 16, 2008, the court imposed a sentence of 360 months of imprisonment, to run concurrently with an undischarged state sentence, and a life term of supervised release. On July 9, 2010, pursuant to a Rule 35 motion by the government, the defendant was resentenced to 288 months imprisonment, to run concurrently with the undischarged state sentence, and with all

---

[1] The statutory maximum term of imprisonment is thirty years.

other aspects of the original Judgment Order remaining in full force and effect.

Following implementation of Amendment 821, the defendant would not receive any status points and his criminal history score is now one, which yields a lower Criminal History Category of I, resulting in an amended Guideline range of 262-327 months.

Pursuant to U.S.S.G §1B1.10(b)(2)(A), the maximum relief a court can typically provide is a reduction to the bottom of the newly calculated Guideline range. However, under §1B1.10(b)(2)(B), where a "term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance," the court may order "a reduction comparably less than the amended guideline range." Id. Inasmuch as the defendant's resentencing included a reduction of 20% of the maximum guideline range, the court may apply as much as that same percentage reduction on the amended guideline sentence.

The court has carefully considered whether to grant a reduction in this case. The defendant's count of conviction

4

involved the production of child pornography of a victim who was twelve years old.  The court notes that relevant conduct as set forth in the presentence report includes extensive sexual abuse of two additional child victims, one of whom was a 6-year old abused weekly during a six month period and the other a 4-year old who was abused over a 2 to 3 month period, all as more fully set forth in the original Sentencing Order, the Statement of Reason of which is incorporated herein and made part hereof.  The court finds that the defendant's history and characteristics are of such a disturbing nature that the court must take into consideration the grave safety concerns of the public respecting this defendant who does have a prison record of good conduct which includes obtaining his GED.

Based on the foregoing considerations, and the court having considered the factors in 18 U.S.C. § 3553(a), it is hereby ORDERED that the defendant's imprisonment sentence be reduced by 24 months to a period of 264 months with credit for time served to date on his federal sentence which runs concurrently with what was any undischarged state sentence.  This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).  Except as otherwise provided, all provisions of the judgment entered on September 23, 2008, shall remain in effect including a term of supervised release of life.

The court DIRECTS the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 15, 2024

John T. Copenhaver, Jr.
Senior United States District Judge