UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                        Case No. 2:08-cr-00055

CLYDE H. HALL, JR.,

       Defendant.

MEMORANDUM OPINION AND ORDER

       Pending before the court is the United States' ("the government") "Motion to Authorize Payment from Inmate Trust Account," (ECF No. 51) filed August 25, 2021, in which the government seeks a court order directing the Bureau of Prisons ("BOP") to pay over funds in defendant Clyde H. Hall Jr.'s ("Hall") inmate trust account to the Clerk of Court as payment of Hall's outstanding restitution debt.

I.    BACKGROUND

       Hall is serving a 22-year sentence, to be followed by a life term of supervised release, upon his guilty plea to one count of production of child pornography in violation of 18 U.S.C. §

2251(a).  ECF Nos. 37 and 47.[1]  Hall was ordered to pay a $100 special assessment and $26,964.25 in restitution, plus interest. A written Judgment ("Judgment") to that effect was entered on September 15, 2008.  ECF No. 37.

The Clerk of the Court advises that Hall has paid his special assessment in full, but as of July 24, 2025, has a total outstanding restitution debt of $26,885.88 (not including interest).

According to the government's motion Hall has accumulated $1,245.66 in his inmate trust account and a hold has been placed on those funds by the BOP.  ECF No. 51.  The government, under 18 U.S.C. §§ 3664(n) and 3613(a), moves for an order authorizing the BOP to turnover all but $300 of the accumulated funds in the inmate trust account towards Hall's restitution.  Id. at 2.  The government indicates, although does not explicitly state, that the accumulated funds constitute a "substantial resource" pursuant to section 3664(n).  Id.  The government further contends that Hall's restitution serves as a "current obligation" and "presently enforceable" lien on his property and that the

---

[1] Hall was initially sentenced to a 30-year term of imprisonment.  ECF No. 37. However, on July 19, 2010, the court reduced his term of imprisonment to 24 years, with all other terms of the original Judgment remaining in full effect. ECF No. 47.  Then again on April 15, 2024, the court reduced his term of imprisonment to 22 years, with all other terms of the original Judgment remaining in full effect.  ECF No. 63.

government has a right to collect his inmate trust account funds to satisfy his restitution debt pursuant to 18 sections 3613(a) and (c).  Id. at 2.

Hall has not responded to the government's motion and has not been ordered to do so.  On April 26, 2023, the court directed Hall to execute an Authorization to Release Institutional Account Information for an in-camera review of his inmate account statement for the previous three years.  ECF No. 56.  Hall has failed to comply with the court's order.

## II.  DISCUSSION

### A. Inmate Trust Account Funds

With respect to payment of restitution, Hall's Judgment states that "[r]estitution shall be paid as set forth on pages 2 and 7." ECF No. 37 at 9.  Page 2 of the Judgment simply recommended to the BOP that, once the special assessment has been paid, Hall "make monthly restitution payments from prison earnings to the maximum extent feasible."  Id. at 2.  Page 7 of the Judgment provided that:

> The $26,964.25 restitution amount shall be paid at the rate of $250 per month, in today's dollars, adjusted upward or downward in accordance with the Consumer Price Index as of the time when the defendant is admitted to supervised release, which payment shall begin two months after the term of supervised release herein imposed commences.  This monthly sum may be increased or

> decreased by the court... In addition, should the
> defendant acquire assets which may reasonably be applied
> to the restitution indebtedness, such assets are to be
> so applied to the restitution indebtedness in addition
> to the monthly payments hereunder.

ECF No. 37 at 7. The term "monthly payments hereunder" refers to the monthly payments once the defendant is on supervised release. Notably, Hall's restitution payment was not ordered to be "due immediately" or for payment to "begin immediately." Id.

Federal courts are required to impose restitution "in the full amount of each victim's losses" notwithstanding the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). A restitution obligation is "due immediately unless the court specifies otherwise — namely, by providing for payment on a date certain or in installments." See United States v. Buzzard, No. 21-7487, 2023 WL 3378985, *1 (4th Cir. May 11, 2023) (citing 18 U.S.C. § 3572(d)(1)). In determining the manner and schedule of payment in which the restitution is to be paid, 18 U.S.C. § 3664(f)(2) provides that the court must consider:

> (A) the financial resources and other assets of the
> defendant, including whether any of these assets
> are jointly controlled;
>
> (B) projected earnings and other income of the
> defendant; and
>
> (C) any financial obligations of the defendant;
> including obligations to dependents.

A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions.  18 U.S.C. 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013).  18 U.S.C. § 3664(k) provides that a court may "adjust the payment schedule, or require [a] change [to] immediate payment in full" if it finds a "material [change] in the defendant's ability to pay restitution."  The government may seek the enforcement of a restitution obligation "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. §§ 3613(a) and (f), and "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii).

The government appears to rely upon 18 U.S.C. § 3664(n), although not specifically so stated in its motion, and contends that the accumulated funds in defendant's inmate account constitute "substantial resources" under § 3664(n) which provides as follows:

> (n) If a person obligated to provide restitution ... receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, ... such person shall be required to apply the value of such resources to any restitution ... still owed.

18 U.S.C. § 3664(n).

That payment requirement is triggered only if the defendant is under a current obligation to satisfy the judgment. See United States v. Bratton-Bey, 564 F. App'x 28, 29-30 (4th Cir. 2014) ("a court may accelerate a restitution order under Section 3664(n) only if the defendant is under a current obligation to satisfy the order.") (emphasis in original); see also United States v. Roush, 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006) (barring the government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce").

In determining whether a current obligation exists, the Fourth Circuit has recently expressed that the "due immediately" language in a judgment is relevant to a determination that the debt is a "current obligation" that is fully enforceable despite a payment plan method. See Buzzard, 2023 WL 3378985 at *2. In Buzzard, the court found that the district court abused its discretion by ordering withdrawal of accumulated funds from the defendant's inmate trust account towards restitution that was not otherwise a current obligation. Id. at *2. The court ultimately noted that "given [the] schedule of payments, the express limitations placed on the amount the Government can recover from Buzzard while he remains incarcerated, and the lack of language in the order providing that restitution is otherwise due

immediately," there existed no current obligation that the restitution order be presently satisfied.  Id.

   "When a restitution order specifies an installment plan, unless there is language directing that the funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan."  See United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019); see also Bratton-Bey, 564 F. App'x at 29-30 (Because written judgment omitted finding that payment thereof was due immediately, "Bratton-Bey was under no obligation to pay restitution until his release from imprisonment."); see United States v. Corbett, No. 2:10-cr-00015-1, 2021 WL 744161 (S.D. W. Va. Feb. 25, 2021) (collecting cases where the express language in judgment ordered that restitution is due immediately and in full permitted payment of accumulated funds notwithstanding installment payment plan); United States v. Phoenix, No. 5:17-cr-226-FL, 2021 WK 5871904, *8 (E.D.N.C. Jan. 8, 2021) (same).

   In this case, Hall's Judgment does not signify that his restitution is a current obligation due immediately.  First, the Judgment order provides an installment plan that is to be paid "as of the time the defendant is admitted to supervised release."  ECF No. 37.  Second, Hall's Judgment omits any language indicating

that the restitution is owing and due immediately.  ECF No. 37.
As observed by the Fourth Circuit in <u>Buzzard</u>, the express payment
conditions outlined in the Judgment as well as the lack of due
immediately language does not suffice to establish a "current
obligation" that automatically triggers section 3664(n).
Consequently, outside of the installment payments ordered in the
Judgment upon his release from imprisonment, Hall has no current
obligation to satisfy the restitution order, and the government is
not entitled to the immediate turnover of Hall's inmate trust
account under section 3664(n).

The government also asserts that it is entitled to the
funds in Hall's inmate trust account by virtue of 18 U.S.C. §
3613(c), which provides:

> An order of restitution... is a lien in favor of the
> United States on all property and rights to property of
> the person fined as if the liability of the person fined
> were a liability for a tax assessed under the Internal
> Revenue Code of 1986. The lien arises on the entry of
> judgment and continues for 20 years or until the
> liability is satisfied, remitted, set aside, or is
> terminated under subsection(b).

While it is true that an order of restitution creates a
lien in favor of the United States under 18 U.S.C. § 3613(c), the
"government's ability to enforce a judgment under section 3613 is
perforce limited to the rights and obligations created by the
judgment." <u>See</u> <u>Roush</u>, 452 F.Supp.2d at 681.  The court in <u>Roush</u>

emphasized that it would upset the balance set by the court when it established the payment schedule to allow the government to execute on the full amount of restitution at any time it chooses. Id. at 676.  The government may enforce payment pursuant to section 3613 only to the extent that restitution payments are currently due and owing under the installment plan fixed under section 3664(f)(2), or as modified under section 3664(k).

Given that Hall's Judgment precludes the government from turnover of the inmate trust account funds in issue, the court finds that the hold of the $1,245.66 should be removed.

### III. <u>CONCLUSION</u>

Accordingly, it is ORDERED that:

(1)  The government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 51) is DENIED;

(2)  The hold of $1,245.66 in defendant's inmate trust account be removed.

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant and to the counsel of record, who shall provide the same to the financial officer at defendant's prison for further action in accordance herewith.

ENTER: August 11, 2025

John T. Copenhaver, Jr.
Senior United States District Judge